# IN THE SUPREME COURT OF TEXAS

════════════
No. 10-0983
════════════

TEXAS DEPARTMENT OF PUBLIC SAFETY, PETITIONER,

v.

LUKE THOMAS KASPAR, RESPONDENT

════════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS
════════════════════════════════════════════════════════

**PER CURIAM**

Luke Thomas Kaspar was arrested for driving while intoxicated and provided a breath specimen with an alcohol concentration of 0.188 to 0.199, more than twice the legal limit of 0.08. An administrative law judge sustained the Texas Department of Public Safety's suspension of Kaspar's driver's license, based on the arresting officer's report and the Breath Test Technical Supervisor Affidavit. Kaspar objected to the admission of the report because it was unsworn and to the admission of the test because neither the breath test technical supervisor nor breath test operator was present as requested. Kaspar did not subpoena the officer. *See* 1 TEX. ADMIN. CODE § 159.211(c)(2) (2012), adopted 34 Tex. Reg. 334, 335 (2009) (replacing § 159.23(c)(7)). The county court affirmed the suspension, but the court of appeals reversed and rendered. Following its decision in *Texas Department of Public Safety v. Caruana*, ___ S.W.3d ___ (Tex. App.–Austin

2010), the court held that the unsworn report was inadmissible. ___ S.W.3d ___ (Tex. App.–Austin 2010). The court did not address Kaspar's other complaints.

We have reversed the court of appeals' decision in *Caruana*, ___ S.W.3d ___ (Tex. 2012), and for the reasons explained there, we reverse the court's decision in this case. We remand the case to the court of appeals for consideration of Kaspar's other arguments.

**OPINION DELIVERED:** June 8, 2012

2